IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHWESTERN DIVISION

| CLARISSA CARMEL-NOLAND, | ) | |
|---|---|---|
| Plaintiff, | ) ) ) | |
| vs. | ) ) | Case No. 3:18-CV-05075-MDH |
| CNHI, LLC, | ) ) ) | |
| Defendant. | ) | |

## ORDER

Before the Court is Plaintiff's Motion to Remand the above-captioned matter from federal court to state court. (Doc. 4). This case was originally filed in the Jasper County Circuit Court and assigned docket number 18AO-CC00170. It was removed to federal court on August 17, 2018. (Doc. 1).

## BACKGROUND

This dispute arises from a car collision allegedly caused by a driver delivering newspapers for the Joplin Globe. Plaintiff originally sued the delivery driver, Thomas Stinson, and the publisher of the Joplin Globe, CNHI, LLC.

Plaintiff's Petition and initial written discovery was served on Defendant on June 29, 2018. On July 26, 2018, Plaintiff filed with the state court a Notice of Dismissal as Thomas Stinson, who was dismissed with prejudice. On July 30, 2018, the day a responsive pleading became due, Defendant filed a Motion to Dismiss and in the alternative for Summary Judgment and a Memorandum in support of its Motion. On July 31, the Court issued an Order dismissing Thomas Stinson from the case. On August 10, Defendant filed a corrected exhibit accompanying its Motion to Dismiss. On August 13, Plaintiff filed its response Opposing Defendant's Motion to Dismiss. Four days later, on August 17, Defendant filed with the state court its Notice of Removal to federal

1

court. Although the exact dates are not in the record, both parties allege that Defendant responded to discovery requests from Plaintiff during the period between June 29, 2018, and August 17, 2018.

A case in state court is removable to federal court only when there is complete diversity between plaintiffs and defendants and the amount in controversy exceeds $75,000. 18 U.S.C. § 1441(a); 18 U.S.C. § 1332(a). Defendant asserts, and Plaintiff does not dispute, that the amount in controversy exceeds $75,000. If a case becomes removable because the dismissal of a party creates complete diversity, a defendant has 30 days to file a notice of removal. 28 U.S.C. § 1446(b)(2)(B). Plaintiff and Thomas Stinson are residents of Missouri. CNHI is a Delaware corporation. The case was not removable upon filing because Plaintiff and Thomas Stinson were non-diverse parties.

Plaintiffs argue in their Motion that the removal of the case was improper and asks the Court to remand these proceedings to state court. They base their argument on the proposition that Defendant waived their right to remove by taking actions in state court that demonstrated "a clear and unequivocal intent to remain in state court." *Grubb v. Donegal Mut. Ins. Co.*, 935 F.2d 57, 59 (4th Cir 1991). In the Eighth Circuit, a party can only waive its right to remove a case by agreement or by substantial actions that are unequivocal and that indicate a willingness to litigate in state court. *PR Grp., LLC v. Windmill Int'l, Ltd.*, 792 F.3d 1025, 1026 (8th Cir. 2015).

## DISCUSSION

Plaintiff points to three actions by Defendant to support its proposition: 1) Defendant's engagement in the discovery process; 2) Defendant allowing Plaintiff to file a response to Defendant's dispositive motion; and 3) Defendant's filing of a dispositive Motion to Dismiss on July 30, 2018. The Court will consider these actions in turn to determine if any of them are substantial enough to bar removal to federal court.

I. **Defendant's Engagement in Discovery**

The fact that Defendant responded to discovery requests does not constitute a substantial enough action to bar removal to federal court. In *Parshall v. Menard, Inc.*, the U.S. District Court for the Eastern District of Missouri held that a defendant who "took basic steps to protect itself and comply with discovery deadlines in the state court proceeding" had not demonstrated an intent to waive its right to remove. 2016 WL 3916394 at *3 (E.D. Mo. 2016). Other Circuits have found that the Defendant's right to remove may not be lost by participation in state discovery proceedings even when they are "extensive" so long as they do not seek adjudication on the merits. *Strong v. Green Tree Servicing,* LLC, 716 Fed.Appx. 259, 263 (5th Cir. 2017) ("[Plaintiffs'] second argument—that [Defendant] waived its right to removal by engaging in extensive discovery in state courts—lacks merit") (citing *Tedford v. Warner-Lambert Co.*, 327 F.3d 423, 428 (5th Cir. 2003)). Defendant's response to a discovery request was a basic step taken to protect itself in the event that the case remained in state court. It was not an attempt to adjudicate on the merits of the case. Accordingly, the Court does not consider it a substantial action that indicates a willingness to litigate in state court.

II. **Defendant's Allowing Plaintiff to File a Response to Defendant's Dispositive Motion**

Plaintiff claims that Defendant, by not removing the case until after Plaintiff filed a response to its Motion to Dismiss, waived its right to remove. The Court does not find this claim convincing. The Defendant filed its Motion to Dismiss on July 30, 2018. Plaintiff responded on August 13, 2018. Four days later, on August 17, 2018, Defendant filed its notice of removal. Plaintiff seems to claim that by waiting until after Defendant's response to remove the case, it had taken a substantial action indicating a willingness to litigate in state courts. However, in this case Defendant took no action at—it merely waited a period of time to file its timely Notice of Removal.

Plaintiff cites to no case law supporting the notion that waiting an allowable period of time before attempting to remove a case constitutes a substantial action sufficient to waive the right of removal. Accordingly, the Court declines to make such a finding here.

### III. Defendant's Filing of a Motion to Dismiss

On July 30, 2018, Defendant filed a dispositive Motion to dismiss the case in state court. The Defendant argues that this does not represent a substantial action indicating a willingness to litigate in state court because the case was not removable when the Motion was filed and therefore cannot be considered when conducting a waiver analysis. According to Defendant, the case only became removable on July 31, 2018, when the state court entered its order dismissing Thomas Stinson from the case. The Court will consider separately the questions of whether the filing of the Motion to Dismiss may be properly considered by this Court and, if it can be, whether it effects a waiver of the right to remove to federal court.

#### a. The Motion to Dismiss May Be Considered by the Court

If it were true that the case only became removable on July 31, there would be a convincing argument that Defendant's July 30 filing of the Motion to Dismiss cannot factor into the Court's waiver analysis. In *Wright v. Lupton*, the Court held that the pleadings of a defendant prior to the time when it first appears that the case was removable could not effect a waiver of the right to remove. 118 F.Supp. 25, 26 (W.D. Mo 1954); see also *Cevallos v. Silva*, 541 F.App'x. 390, 393 (5th Cir. 2013*); Bechtelheimer v. Continental Airlines, Inc.*, 755 F.Supp. 2d 1211, 1214 (M.D. Fla. 2010); *Parshall v. Menard, Inc.*, 2016 WL 3916394, at *3 (E.D. Mo. 2016). This is an intuitive principle, for CNHI's efforts to defend itself on the merits in the only available forum could not be fairly construed to effect the waiver of a forum that was unavailable to them at the time.

There remains the issue, however, of whether the case first became removable on July 31, when the state court by its own order dismissed Thomas Stinson. Plaintiff claims that the case became removable earlier, on July 26, when Plaintiff filed its Notice of Dismissal from the case as to Stinson. In Missouri, a "civil action may be dismissed by the plaintiff without order of the court anytime . . . prior to the swearing of the jury panel for the voir dire examination, or . . . in cases tried without a jury, prior to the introduction of evidence at the trial." Missouri Supreme Court Rule 67.02(a). According to the state court docket, Plaintiff's dismissal of Thomas Stinson occurred on July 26, 2018. Although it is true that the Court did issue an Order dismissing Stinson on July 31, Rule 67.02 is clear that the Plaintiff may dismiss a party "without order of the court[.]" *Id.* See also *P.R. v. R..S.*, 950 S.W.2d 255, 256 (Mo. App. 1997) ("Because this was plaintiff's first dismissal, no leave or order of the court was required.") (internal citations omitted). Furthermore, such a dismissal becomes effective the date it is filed with the court. *Brown v. MO Delta Med. Ctr.*, 293 S.W.3d 28, 30-31 (Mo. App. 2009).

In response, Defendant claims that Rule 67.02 only applies to dismissing an entire civil action. However, Missouri courts have held that Rule 67.02 permits the dismissal of a single count or claim within an action. *Richter v. Union Pacific Railroad Co.*, 265 S.W.3d 294 (Mo. App. 2008). Missouri courts have also interpreted Rule 67.02 as permitting the dismissal of a single defendant in a multi-defendant case. *State ex rel. Brooks Erections & Const. v. Gaertner*, 639 S.W.2d 848, 850 (Mo. App. 1982). Plaintiff appropriately invoked Rule 67.02 to voluntarily dismiss Stinson in the state court case.

Defendant additionally cites to Missouri Rule 52.06 to support its claim that only the court may add or drop parties. Rule 52.06, titled "Misjoinder and Nonjoinder of Parties," states that "Parties may be dropped or added by order of the court on motion of any party or of its own

5

initiative at any stage of the action and on such terms as are just." Defendant's reliance on this Rule is misplaced. Rule 52.06 authorizes Missouri courts to add or drop parties by its own order, but it does not assert that it is the only way to do so. Crucially, it does nothing to undermine the authority of a plaintiff to voluntarily dismiss a party under Rule 67.02. The Court will not ignore the plain language of Rule 67.02 to hold that a party in a Missouri case may only be dropped pursuant to an order under Rule 52.06.

On review of the state docket and in light of the discussion above, the Court considers July 26,—the date Plaintiff dismissed Thomas Stinson from the case—to be the date that Defendant was put on notice that the case was removable to federal court. As such, Defendant's July 30 filing of a dispositive Motion to Dismiss will be considered by the Court when determining if Defendant took a substantial action indicating a willingness to litigate in state court.

**b. The Motion to Dismiss Constitutes a Substantial Action Effecting a Waiver**

The Eighth Circuit has held that a defendant who has sought adjudication on the merits has waived their right to removal. In *PR Group*, plaintiff PR Group sued Windmill International, Ltd. in Missouri state court. 792 F.3d 1025, 1026 (8th Cir. 2015). Windmill removed to federal court. *Id.* PR Group challenged the removal, arguing that Windmill's filing of a motion to dismiss for lack of prosecution in state court effected a waiver of the right to remove. *Id.* The District Court granted PR Group's motion to remand the case to state court. *Id.* The Eighth Circuit reversed the District Court, but only because Windmill's state court motion "nether addressed the merits of PR Group's complaint nor sought an adjudication on the merits." *Id.* It is implied that if Windmill's motion had addressed or sought adjudication on the merits, the Court would have affirmed the District Court because the motion would then have been a "substantial . . . action . . . indicating a willingness to litigate in that tribunal before filling a notice of removal with the federal court." *Id.*

(internal citations omitted). Other courts have similarly found that the filing of a dispositive motion seeking adjudication on the merits was sufficient to effect a waiver of the right to remove. *Ward v. Resolution Trust Corp.*, 972 F.2d 196, 198 (8th Cir. 1992); *Tedford v. Warner-Lambert Co.*, 327 F.3d 423, 428 (5th Cir. 2003*); City of Albuquerque v. Soto Enter., Inc.*, 864 F.3d 1089-99 (10th Cir. 2017).

After careful review, the Court finds that Defendant's Motion to Dismiss filed on July 30, 2018, exhaustively and in great detail addressed the merits of Plaintiff's complaint and unambiguously sought adjudication on those merits. Accordingly, the Court will consider the filing of the Motion to Dismiss as effecting a waiver of the Defendant's right to remove the case to federal court. Consequently, the Court will grant Plaintiff's Motion to Remand the above-captioned matter to the Jasper County Circuit Court.

## CONCLUSION

**WHEREFORE**, for the above stated reasons, the Court hereby **GRANTS** Plaintiff's Motion to Remand. (Doc. 4). The above-captioned case is **REMANDED** to the Circuit Court of Jasper County, Missouri.

**IT IS SO ORDERED.**

DATED: September 12, 2018

                                                */s/ Douglas Harpool*
                                                **DOUGLAS HARPOOL**
                                        **UNITED STATES DISTRICT JUDGE**